UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL NO. 2:15cv176 |
| FIVE M'S, LLC, and Indiana Limited Liability Company d/b/a PREMIER AUTO, PREMIER AUTO SALES, and VALPARAISO TRANSMISSION a/k/a VALPARAISO CAR CARE AND TRANSMISSION, R-WAY, INC., an Indiana Corporation d/b/a L&W AUTO SALVAGE, and JOHN MORGAVAN, an Individual, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

OPINION AND ORDER

This matter is before the court on a "Motion for Leave to File Declarations Instanter", filed by the plaintiff, Thomas E. Perez, Secretary of Labor, United States Department of Labor ("DOL"), on September 19, 2016. The Defendants have not filed a response to the motion.

Also before the court is a "Defendants' Motion for Leave to File Sur-Reply to Department of Labors's Motion to Strike Affidavit of Neal Guirarelli and New Evidence Raised by Department of Labor, filed by the defendants on October 5, 2016. The DOL has not filed a response to the motion.

Discussion

The DOL has brought a complaint against the defendants alleging various violations of the Fair Labor Standards Act ("FLSA")". The following facts are relevant to the DOL's motion for leave to file declarations. On August 1, 2016, The DOL filed its motion for summary judgment

against Defendants [Doc. 24]. On September 1, 2016, Defendants filed a response. [Doc. 27] Defendants also filed a Motion to Strike Portions of the Declaration of Nancy Alcantara [Doc. 26]. Attached to the DOL's reply to the motion for summary judgment, as well as to its Response to Defendant's Motion to Strike Portions of the Declaration of Nancy Alcantara, is an Amended Declaration of Nancy Alcantara and a Revised Declaration of Nadine Walter.  Alcantara is the Wage and Hour Investigator who conducted the investigation of the Defendants. Walter is one of Defendants' former employees.  Also attached to the DOL's reply to summary judgment and response to motion to strike are eight new Declarations obtained from Defendants' former employees: Robert Aubin, Don Pavichevich, James Wilhelm, Thomas Bade, Robert Gale, Dan Gresham, Caleb Naasko, and Marcus Rogers. The DOL also submitted the Declarations of Marian Nicksich and Laura Plonka, the Wage and Hour personnel who were involved with the Defendants in Wage and Hour's 2005 investigation of Defendant Valparaiso Transmission and its 2012 conciliation involving Defendant L&W Auto Salvage and Defendant Morgavan.

This court is permitted under Federal Rule of Civil Procedure 56(e)(1) to consider supplementary declarations:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) *give an opportunity to properly support or address the fact*;
> (2) consider the fact undisputed for purposes of the motion;
> (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or
> (4) issue any other appropriate order.

FED. R. CIV. P. 56(1)-(4) (emphasis added). The DOL claims that the Amended Declaration of

Nancy Alcantara serves to support its findings of FLSA violations and back wage calculations. The DOL states that the Amended Declaration is substantially the same as Alcantara's previous Declaration and does not prejudice the Defendants. The DOL further states that the Declarations of Defendants' former employees serve to properly support the facts regarding hours worked by Defendants' employees. The DOL maintains that these Declarations also do not prejudice Defendants. The DOL states that the Defendants are aware of the DOL's position of using a 47-hour workweek for L & W Auto Salvage and a 50-hour workweek for Valparaiso Transmission in the back wage calculations. The DOL further states that the Declarations of the retired Wage and Hour personnel involved in the previous investigation and conciliation confirm the findings of those previous investigations. The DOL contends that all of these Declarations contain admissible evidence that does not prejudice Defendants and clarifies the summary judgment record and that striking these Declarations would be an unduly harsh sanction. *See Lewis v. Bay Indus., Inc.*, 51 F. Supp. 3d 846, 852–53 (E.D. Wis. 2014) (concluding that granting a motion for leave to file supplemental declarations "was appropriate, as striking the declarations would be an unduly harsh sanction" where defendant suffered no prejudice and plaintiff obtained supplemental declarations promptly).

As noted above, there have been no objections to the filing of the Declarations covered by the instant motion. Accordingly, as the law fully supports the granting of the motion to file, the DOL's motion will be granted.

Next, the court will address the Defendants' motion for leave to file sur-reply to the motion to strike the affidavit of Neal Guirarelli and new evidence raised by the DOL. As noted above, the DOL filed a motion for summary judgment on August 1, 2016. The Defendants filed

their response to the motion for summary judgment on September 1, 2016. The Defendants' motion for summary judgment included an affidavit from Neal Guirarelli. The Defendants also filed a motion to strike the affidavit of Nancy Alcantara, which the DOL filed in support of their motion for summary judgment. On September 19, 2016, the DOL filed their reply in support of their motion for summary judgment. The DOL included 13 new exhibits, including 10 new affidavits that were not included in the DOL's original motion for summary judgment. The DOL also included two revised affidavits from Nadine Walter and Nancy Alcantara, which were included in the DOL's original motion for summary judgment. Additionally, on September 19, 2016, the DOL also filed a motion to strike the affidavit of Neal Guirarelli. Further, the DOL filed a response to the Defendants' Motion to Strike the declaration of Nancy Alcantara. The response included 12 affidavits.

The ability to file a sur-reply may be gained only be leave of the court and by the showing of some factor that justifies deviation from the rule. *Taylor v. Lifetouch National School Studios, Inc.*, 490 F. Supp. 2d 944, 950 (N.D. Ind. 2007). Seeking permission [to file a sur-reply] is not a mere technicality to be overlooked. *Goltz v. University of Notre Dame Du Lac*, 177 F.R.D. 638, 642 (N.D. Ind. 1997). The Defendants argue that a sur-reply should be allowed in this case because the DOL filed a motion strike the affidavit of Neal Guirarelli, the DOL included 13 new exhibits in their reply brief, and 12 new exhibits in response to the Defendants' motion to strike the declaration of Nancy Alcantara.

As noted above, the DOL has not filed an objection to the defendants' motion. In light of the large amount of new evidence submitted by the DOL in their reply to their motion for summary judgment, the court will grant the Defendants leave to file a sur-reply. The sur-reply is

4

to be filed within 10 days of the date of this Order.

Conclusion

On the basis of the foregoing, Perez' Motion for Leave to File Declarations Instanter [DE 33] is hereby GRANTED. Also, the Defendants' Motion for Leave to File Sur-Reply [DE 34] is also hereby GRANTED. Defendants' Sur-Reply is to be filed within 10 days of the date of this Order.

Entered: December 28, 2016.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court